IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SUSAN MARIE PHILLIPS,

                Plaintiff,

v.                                                    OPINION and ORDER

FRANK BISIGNANO,                               23-cv-341-jdp
Commissioner of the Social Security Administration,

                Defendant.[1]

---

Plaintiff Susan Marie Phillips seeks judicial review of a final decision of defendant Frank Bisignano, Commissioner of the Social Security Administration, finding that Phillips was not disabled within the meaning of the Social Security Act. Phillips contends that administrative law judge (ALJ) Ahava Pyrtel erred in several ways. The court concludes that a remand is required because the ALJ did not adequately explain multiple aspects of her decision.

BACKGROUND

Phillips applied for disability benefits, alleging disability beginning in May 2014 and ending in June 2016. R. 37.[2] In a July 2022 decision, the ALJ found that Phillips suffered from the following severe impairments: inflammatory arthritis, degenerative joint disease (shoulders, hands, knees, and feet), degenerative disc disease (cervical and lumbar spine), chronic obstructive pulmonary disease, and obesity. R. 40. Based on these impairments, the ALJ found that Phillips had the residual functional capacity (RFC) to perform light work, with additional

---

[1] The court has updated the caption in accordance with Federal Rule of Civil Procedure 25(d).

[2] Record cites are to the administrative transcript located at Dkt. 7.

physical restrictions, including no more than frequent handling and fingering with both hands and the ability to alternate between sitting and standing every 30 minutes. R. 42. Relying on the testimony of a vocational expert, the ALJ found that Phillips was not disabled because she could perform her past job as a hearing aid assembler, both as actually performed and as generally performed in the economy. R. 48.

Phillips now appeals to this court. On appeal, the court's role is to review the ALJ's decision for legal errors and to determine whether the decision is supported by substantial evidence. *See Martin v. Saul*, 950 F.3d 369, 373 (7th Cir. 2020). The substantial evidence standard is not high and requires only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. But the ALJ's decision must identify the relevant evidence and build a "logical bridge" between that evidence and the final determination. *Moon v. Colvin*, 763 F.3d 718, 721 (7th Cir. 2014).

## ANALYSIS

Phillips contends that the ALJ erred in the following six ways:

(1) failing to adequately explain her reasons for not fully crediting Phillips's subjective symptoms;

(2) failing to explain why she did not credit an examining physician's opinion that Phillips was limited to some sedentary work;

(3) failing to explain why she did not impose any restrictions based on Phillips's mild limitation in adapting or managing herself;

(4) failing to explain how she considered Phillips's obesity;

(5) failing to inform the vocational expert of all of Phillips's limitations;

(6) relying on a definition from the Dictionary of Occupational Titles that did not apply to Phillips.

These contentions can be grouped into two categories. The first four objections are based on the ALJ's failure to articulate her reasoning. The last two objections are about the ALJ's determination at step four of the evaluation process that Phillips could perform her past job as a hearing aid assembler.

## A. Articulation errors

The court agrees with Phillips that the ALJ failed to build a logical bridge between the evidence and her conclusions on the four issues Phillips identifies. In fact, there is little reasoning in the decision. It consists mostly of a summary of evidence, "but a summary isn't a substitute for analysis." *Plemon v. Kijakazi*, No. 21-cv-148-jdp, 2022 WL 842914, at *3 (W.D. Wis. Mar. 22, 2022). Even reading the ALJ's opinion as a whole, as the court is required to do, *Rice v. Barnhart*, 384 F.3d 363, 370 n. 5 (7th Cir. 2004), the ALJ did not "explain [her] analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005).

As for subjective symptoms, Phillips described them during the administrative hearing:

- She had arthritis pain in her feet, ankles, spine, chest, hands, and shoulders.
- She could not sit up straight for more than 15 or 20 minutes; she sat using a recliner a home.
- She hurt "really bad" after trying to lift things.
- She needed to use ice and heat for pain after she went grocery shopping.
- She was "very stiff" in the morning.
- She could not do housework for more than 15 minutes without resting because of pain in her lower back.
- She could not open jars and often dropped things because she had a poor grip.
- Her hands were red and inflamed.

3

R. 69–75. The ALJ discussed Phillips's subjective symptoms in one paragraph:

> The claimant alleges disability due to pain in her back, knees, hands, feet, and shoulders. The claimant testified that she was diagnosed with fibromyalgia in 2016 and continues to take medication for this issue. The claimant testified that in 2016, she was very stiff and spent a lot of time in her recliner. However, she reported that she was still able to do some gardening, make dinner, and attend swim therapy. She said she was able to do housework but had to take breaks every fifteen minutes. She said she had pain in her hands, and they were red and inflamed. The claimant said she had difficulty gripping. She said she gets injections in her hands. The claimant testified that she stopped smoking in 2010.

R. 43.

Most of the paragraph is simply a summary of Phillips's symptoms. There is one sentence in which the ALJ states, "However, she reported that she was still able to do some gardening, make dinner, and attend swim therapy." The ALJ did not elaborate. Was her point that the listed activities are evidence that Phillips can sustain full time work or simply that they show thar Phillips was not as impaired as she said? The ALJ did not say.

An ALJ must give specific reasons supported by the record for discrediting subjective symptoms. *Grotts v. Kijakazi*, 27 F.4th 1273, 1278–79 (7th Cir. 2022). The ALJ did not do that here. She did not explain *how* gardening, making dinner, or swim therapy show that Phillips was able to work or was less impaired than she said she was. Phillips did not say she was unable to engage in any leisure activities or household chores; she said the activities were painful and she needed to take breaks. As for the "swim therapy," that consisted of some exercises in the water, such as marching and light weights, and it was ordered by Phillips's medical provider. *See* R. 386, 477. Neither the ALJ nor the commissioner explain why it is appropriate to use compliance with treatment to question a claimant's credibility. In any event, the ability to

4

perform guided exercises in the water is not obviously inconsistent with the limitations Phillips described, and the ALJ cited no evidence to suggest they were inconsistent.

As for the opinion of examining physician Michael Lockheart, the ALJ rejected his opinion that Phillips could perform "certain work duties in an appropriate sedentary setting" because it is "vague and does not specify what the certain work duties are or what an appropriate work setting would be." R. 44. The ALJ raised a fair point: Lockheart's opinion about the extent of Phillips's ability to do sedentary work is vague. If the question on appeal were about the extent of Phillips's ability to do sedentary work, this portion of the ALJ's opinion would be supported. But the ALJ found that Phillips could perform *light* work, and the commissioner does not dispute Phillips's assertion that she would qualify as disabled if she were limited to sedentary work. So Phillips's ability to do some or all sedentary work is beside the point. The ALJ did not give any consideration to Lockheart's restrictions on Phillips' ability to stand, which goes to Phillips's ability to do light work.

As for Phillips's ability to adapt and manage herself, the ALJ stated in the context of her step two evaluation that Phillips had a mild limitation in that area of social functioning because "during periods of increased stress, the claimant may have some difficulties prioritizing tasks and calming herself." R. 41. The ALJ did not mention this issue again. She neither included a restriction in the RFC regarding low-stress jobs nor explained why such a restriction was not needed. It is true that the ALJ found that Phillips's anxiety was a non-severe limitation, R. 40, but an ALJ must consider the effects of even non-severe impairments. *Williams v. Colvin*, 757 F.3d 610, 613 (7th Cir. 2014). The ALJ's own decision raised a question about a potential restriction related to the ability to adapt and manage oneself, but the ALJ failed to answer that question.

5

As for obesity, Phillips had a BMI between 34 and 37. R. 90, 310. The ALJ found that Phillips's obesity qualified as a severe impairment, but the ALJ's only discussion of it was a boilerplate paragraph:

> Obesity is a medically determinable impairment. The combined effects of obesity with other impairments can be greater than the effects of each of the impairments considered separately. Therefore, when determining whether an individual with obesity has a listing-level impairment or combination of impairments, and when assessing a claim at other steps of the sequential evaluation process, including when assessing an individual's residual functional capacity, adjudicators must consider any additional and cumulative effects of obesity.

R. 40. The ALJ correctly articulated her obligation to consider Phillips's obesity, but she never explained how she considered it. She does not mention Phillips's obesity anywhere in her analysis, which she was required to do. *See Goins v. Colvin*, 764 F.3d 677, 681 (7th Cir. 2014).

The commissioner offers numerous reasons in its brief that the ALJ could have offered for rejecting each of Phillips's arguments. But the commissioner relies on reasons the ALJ did not provide and cites evidence the ALJ did not rely on. It is well established in this circuit that courts "must confine [their] review to the reasons supplied by the ALJ, rather than allowing the government to invent new findings to rescue an insufficient decision on appeal." *Poole v. Kijakazi*, 28 F.4th 792, 797 (7th Cir. 2022).

There is an exception for harmless error, but the commissioner does not contend that he can meet the relevant standard, which is whether the court can predict with great confidence that the result on remand would be the same. *Spiva v. Astrue*, 628 F.3d 346, 353 (7th Cir. 2010). The one exception is for obesity. The court of appeals has applied the standard for harmless error somewhat differently when the ALJ fails to consider the claimant's obesity, requiring the *plaintiff* "to explain how her obesity hampers her ability to work." *Stepp v. Colvin*,

6

795 F.3d 711, 720 (7th Cir. 2015). Phillips did not do that in her opening brief. After the commissioner argued harmless error in his opposition brief, Phillips pointed to various symptoms in her reply brief that she says could be exacerbated by obesity, such as stiffness, pain, and swelling. But Phillips cannot rely on speculation. *See Rennaker v. Saul*, 820 F. App'x 474, 481 (7th Cir. 2020). The only symptom she connects to her obesity using medical records is acid reflux, but she does not associate any functional limitations with that symptom. So the court concludes that the ALJ's failure to consider Phillips's obesity was harmless. But the ALJ will have to reconsider the other three issues.

**B. Step four**

Phillips contends that the ALJ made two errors when determining whether she could perform her past job as a hearing aid assembler: (1) when describing Phillips's limitations to the vocational expert, the ALJ failed to include a limitation for alternating between sitting and standing every 30 minutes; and (2) the ALJ relied on an incorrect description of Phillips's job responsibilities based on a definition from the Dictionary of Occupational Titles that did not apply to Phillips.

These arguments are largely moot because the ALJ will have to conduct a new step four analysis on remand in light of the other errors identified by the court. For the sake of completeness, the court will briefly explain why neither of the asserted errors provides an independent basis for remand.

The first argument is factually incorrect. The ALJ did ask the vocational expert whether Phillips could perform her past jobs if she were limited to light work, could frequently handle and finger with both hands, and needed to alternate between sitting and standing every 30 minutes. R. 85. The vocational expert said that Phillips could still perform her hearing assembly

job under those circumstances. R. 86. The commissioner identified Phillips's factual error in his opposition brief, Dkt. 14, at 19, but Phillips simply repeated the same argument in her reply brief.

As for Phillips's argument that the ALJ relied on the wrong definition from the Dictionary of Occupational Titles, any error was harmless. The ALJ found that Phillips could perform the hearing aid assembly job, both as the job was generally performed in the national economy *and* as Phillips actually performed her job. R. 48. The Dictionary of Occupational Titles is relevant only to the determination whether the claimant can perform past work as it is generally performed in the national economy; it has no bearing on how the claimant actually performed her job. *Hernandez v. Astrue*, 277 Fed. Appx. 617, 625 (7th Cir. 2008). In his opposition brief, the commissioner explains why Phillips's actual performance of her past work as a hearing aid assembler is consistent with the RFC. Dkt. 14, at 20–22. In her reply brief, Phillips again focuses on an asserted conflict between the dictionary definition and her actual job. She does not respond to the commissioner's argument that the RFC is consistent with her job as she actually performed it. So Phillips forfeited this issue by failing to respond to it.

## CONCLUSION

The court will remand the case to allow the ALJ to reconsider Phillips's subjective symptoms, Michael Lockheart's medical opinion, and Phillips's limitations regarding adapting and managing herself. The decision is otherwise affirmed.

ORDER

IT IS ORDERED that that the decision denying disability benefits to plaintiff Susan Marie Phillips is REMANDED under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion.

Entered May 21, 2025.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge